IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE LAWSON,

      Petitioner,               No. CIV S-04-1869 GEB DAD P

    vs.

JEANNE WOODFORD, et al.,

      Respondents.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus.  Petitioner challenges a decision of the state parole board in 2002.  Respondents have moved to dismiss the petition on the ground that it is barred by procedural default.  Petitioner filed timely opposition to the motion.  Respondents did not file a reply.

PROCEDURAL HISTORY

      Petitioner is confined pursuant to a judgment of conviction entered in the Sacramento County Superior Court in 1990.  A jury found petitioner guilty of one count of second degree murder in violation of Penal Code § 187, and it was determined that petitioner used a firearm in the commission of the crime.  On March 16, 1990, petitioner was sentenced to a state prison term of seventeen years to life with the possibility of parole.  (Pet. at (2); Mot. to Dismiss at 3 & Ex. 1.)

1    Petitioner's initial parole consideration hearing, held at Folsom State Prison on

2  June 28, 1999, resulted in a three-year denial of parole.  (Mot. to Dismiss, Ex. 2 at 20.)

3  Petitioner's first subsequent parole consideration was held at Folsom State Prison on June 12,

4  2002.  (Id. at 3 & Ex. 2 at 1 & 20.)  On that date, a two-member panel of the Board of Prison

5  Terms found petitioner not suitable for parole and denied parole for two years.  (Id. at 3 & Ex. 2

6  at 37 & 40.)  The decision rendered on June 12, 2002, is at issue in this case.

7    Petitioner filed an administrative appeal from the June 12, 2002 decision on

8  September 2, 2002, and prison officials forwarded the appeal to the Board of Prison Terms

9  Office of Policy and Appeals on September 24, 2002.  (Mot. to Dismiss at 4 & Ex. 3; Pet., Ex. 1,

10  Administrative Appeal.)  The record does not reflect whether the Office of Policy and Appeals

11  issued a decision on petitioner's appeal or provided any other response to the appeal at any time.

12    After petitioner received no response to his appeal within 120 days, he sought

13  relief in the state courts.  A habeas petition dated January 24, 2003, was sent to the Sacramento

14  County Superior Court together with a motion to waive exhaustion of administrative remedies.

15  (Mot. to Dismiss at 4; Pet., Ex. 1, Superior Court Habeas at 3A & 5.)  In an order filed March 25,

16  2003, the Superior Court denied the petition for failure to exhaust administrative remedies.

17  (Mot. to Dismiss at 4 & Ex. 4 at 1-2.)  The court denied the petition with leave to resubmit it

18  after exhausting administrative remedies or, in the alternative, to resubmit it with a showing that,

19  in his individual case, exhaustion of administrative remedies would be futile.  (Id., Ex. 4 at 2.)

20    Petitioner submitted a habeas petition to the California Court of Appeal for the

21  Third Appellate District.[1]  (Pet., Ex. 1, Appellate Court Habeas Corpus.)  The appellate court's

22  order filed May 15, 2003, reads as follows:  "The petition for writ of habeas is denied on the

23  merits."  (Mot. to Dismiss at 4 & Ex. 5.)  Petitioner submitted a habeas petition dated July 9,

24

---

25    [1]  The copy of the petition provided by petitioner does not include the final page of the form
   petition or any other indication of the date on which the petition was signed or mailed to the
26  appellate court.

2

1    2003, to the California Supreme Court.  (Pet., Ex. 1, State Supreme Court Habeas Corpus.)  The

2    petition was summarily denied by order filed May 19, 2004.  (Mot. to Dismiss at 4 & Ex. 6.)

3    Petitioner's federal habeas petition was received for filing on September 8, 2004.

4    RESPONDENTS' CONTENTIONS

5    Respondents assert that the federal court is prohibited from addressing petitioner's

6    habeas claims because petitioner did not exhaust the administrative appeal process before

7    seeking judicial review of the Board's decision and "the state court" rejected his petitions on the

8    independent and adequate state ground of failure to exhaust administrative remedies.  (Mot. to

9    Dismiss at 3.)

10   Respondents argue that the doctrine of independent and adequate state grounds

11   precludes federal courts from addressing the habeas corpus claims of state prisoners when a state

12   law default prevented the state court from reaching the merits of the claims.  Respondents assert

13   that the procedural default rule applies where a state procedural rule provides an adequate and

14   independent state law basis on which the state court may deny relief.  Applying these principles

15   to the present case, respondents assert that the state superior court declined to consider the merits

16   of petitioner's claims on the independent state ground of failure to exhaust administrative

17   remedies and the appellate and supreme courts implicitly adopted the superior court's decision.

18   Respondents conclude that the state courts' denial of the petitions based on an independent state

19   ground bars federal review and requires dismissal of the federal habeas petition.

20   PETITIONER'S ARGUMENTS

21   Petitioner states that he mistakenly believed that the Board of Prison Terms was

22   required to respond to his administrative appeal within 120 days, when in fact there was no time

23   limit for a response.  Petitioner notes that he was aware of the exhaustion requirement and moved

24   for relief from it on the ground of prejudice arising from unreasonable delay.  Petitioner notes

25   that the petition he filed in the appellate court was denied on the merits, and the petition he filed

26   in the California Supreme Court was denied without explanation.

1    Petitioner points out that one of the cases cited by respondents demonstrates that

2    the Board of Prison Terms and the agency that preceded it had answered appeals in an untimely

3    manner for 30 years.  Petitioner states that in 2003 the state adopted a reasonable time limit of

4    120 days for responding to an appeal and agreed that after 120 days a petitioner could proceed to

5    court if no response had been received.  Petitioner asserts that the administrative appeal process

6    was eliminated entirely on May 1, 2004, by Administrative Directive 01-04.

7    Petitioner contends that the administrative appeal process was inadequate and that

8    exhaustion was not required after the agency was given a fair opportunity to respond to his

9    appeal.  Citing the fact that his second subsequent parole consideration hearing was six months

10   overdue when he prepared his opposition to respondents' motion, petitioner emphasizes the

11   prejudice suffered by state prisoners in the past due to the Board's failure to respond to

12   administrative appeals in a timely manner.

13                                              ANALYSIS

14   The state regulations governing administrative appeals were repealed in 2004.

15   Cal. Code Regs. tit. 15, § 2050 (West 2005).  The repealer was filed on April 15, 2004, and was

16   operative on May 1, 2004.  Id.  The unavailability of administrative appeals for most parole

17   decisions has been cited in a parolee class action proceeding in this district and in a suit brought

18   in the Central District by an attorney challenging the removal of his name from a list maintained

19   by the Board of Prison Terms for use in appointing attorneys to represent parolees in parole

20   revocation proceedings.  See Valdivia v. Schwarzenegger, case No. CIV S-94-0671 LKK GGH

21   (E.D. Cal.) (Stipulation and Order Regarding Final Notice to Plaintiff Class); Jacobson v.

22   Schwarzenegger, 357 F. Supp. 2d 1198, 1208 (C.D. Cal. 2004) ("The BPT has repealed its

23   regulations governing administrative appeals.").

24   It appears that there was no administrative appeal process available after May 1,

25   2004.  Respondents have offered no evidence that the Board continued to process or decide

26   appeals after that date or that the petitioner in this case ever received a decision on the appeal he

4

1    filed on September 2, 2002.  In the absence of evidence and argument in this regard, the court is

2    not persuaded that the California Supreme Court denied petitioner's state habeas petition on May

3    19, 2004, for failure to exhaust administrative remedies that were no longer available.

4              Nor is the court persuaded by respondents' argument that both of the higher state

5    courts implicitly adopted the superior court's application of a procedural bar for failure to

6    exhaust administrative remedies.  "[T]he California Constitution provides that each of the three

7    levels of state courts–Superior Courts, Courts of Appeal, and the Supreme Court–has 'original

8    jurisdiction in habeas corpus proceedings.'"  <u>Gaston v. Palmer</u>, 387 F.3d 1004, 1010 (9th Cir.

9    2004 (quoting Cal. Const. art. VI, § 10)).  A California prisoner may file an original habeas

10   petition in each of the three courts, and each court may exercise its original jurisdiction.  When

11   the state's higher courts issue postcard denials, i.e., decisions without comment or citation, the

12   Ninth Circuit Court of Appeals construes those denials as decisions on the merits.  <u>Gaston</u>, 387

13   F.3d at 1013 (citing <u>Hunter v. Aispuro</u>, 982 F.2d 344, 348 (9th Cir. 1992)).  <u>See</u> <u>In re Clark</u>, 5

14   Cal 4th 750, 769 n.9 (1993) (noting that "summary denial" of a state habeas petition "does not

15   mean that the court has not considered the merits of the claims").

16             In the present case, the California Court of Appeal expressly denied petitioner's

17   state habeas petition on the merits, and the California Supreme Court's order denying petitioner's

18   state habeas petition without comment or citation must be construed as a decision on the merits.

19   The effect of these two decisions is to remove the procedural default that caused the Sacramento

20   County Superior Court to reject petitioner's initial state habeas petition.  <u>Ylst v. Nunnemaker</u>,

21   501 U.S. 797, 801 (1991) ("State procedural bars . . . may expire because of later actions by state

22   courts.  If the last state court to be presented with a particular federal claim reaches the merits, it

23   removes any bar to federal-court review that might otherwise have been available.").

24             Respondents have not demonstrated that the state courts denied relief on an

25   independent state ground that bars federal review and requires dismissal of the federal habeas

26   petition.

1        Accordingly, IT IS HEREBY RECOMMENDED that:

2        1.  Respondents' November 5, 2004 motion to dismiss be denied; and

3        2.  Respondents be granted thirty days to file an answer to the habeas petition filed

4 September 8, 2004.

5        These findings and recommendations will be submitted to the United States

6 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

7 ten court days after being served with these findings and recommendations, any party may file

8 and serve written objections with the court.  A document containing objections should be titled

9 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

10 shall be filed and served within ten court days after service of the objections.  The parties are

11 advised that failure to file objections within the specified time may, under certain circumstances,

12 waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

13 Cir. 1991).

14 DATED: June 21, 2005.

15

16                         DALE A. DROZD
                             UNITED STATES MAGISTRATE JUDGE

17 DAD:13
   laws1869.mtd

18

19

20

21

22

23

24

25

26